ELIAS DOTY, Appellant, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellee.

**Obstruction. of access to property:** DAMAGES: MALICE. The plaintiff erected a building upon land to which he had no title and with knowledge that the same was in a public street. Thereafter the city vacated the street and conveyed the same to defendant railway company. The company notified plaintiff to remove the building, which he refused to do, although the defendant offered

to bear the expense. Defendant then constructed a track along the street and placed cars thereon, which remained many months, obstructing the passage way to plaintiff's building. Held, that defendant committed no wrong unless actuated by malice, of which there was no competent proof.

*Appeal from Linn District Court.*— HON. W. G. THOMPSON, Judge.

SATURDAY, JANUARY 18, 1908.

REHEARING DENIED, TUESDAY, MARCH 17, 1908.

ACTION at law to recover damages for an alleged obstruction of plaintiff's access to his property. At the conclusion of the testimony the trial court upon motion directed a verdict for defendant, and plaintiff appeals.— *Affirmed.*

*Elias Doty,* appellant *pro se.*

*Grimm, Trewin & Robbins, James C. Davis,* and *A. A. McLaughlin,* for appellee.

DEEMER, J.— Some time prior to the year 1903 plaintiff erected a small building for a photograph gallery in one of the streets of the city of Cedar Rapids, and on July 17, 1903, the city vacated this street and conveyed the land for a valuable consideration to the defendant railway company. After the vacation and conveyance plaintiff claimed title to the property in virtue of his occupancy. Thereupon defendant brought action to quiet its title and to secure plaintiff's removal from the premises, and secured a decree in its favor on March 11, 1904. Before bringing its suit defendant attempted to secure plaintiff's removal by peaceable arrangement, and offered to move the gallery off the premises at its own expense, but plaintiff refused to consent thereto. Failing in its efforts, defendant then constructed a spur or switch track along the vacated street and close to plaintiff's building, upon which it placed its cars, some of which remained

there for many months, obstructing any passageway to plaintiff's gallery except under the cars. After the decree quieting defendant's title, plaintiff was removed from the premises by a writ issued upon the judgment, and in the year 1905 plaintiff commenced this action for damages due to the obstruction of access to his gallery for the term of three months, claiming both actual and exemplary damages. Plaintiff testified that during the time defendant occupied the ground with its cars, he (plaintiff) did not desire to move his gallery off the premises, and would not have done so even if he could. The only testimony as to any damages suffered by plaintiff was the following: " To what extent do you estimate you were damaged in your business by reason of this blockade ? " This was objected to as an opinion and conclusion of the witness, irrelevant and immaterial. The testimony was received, subject to objection, and the answer was " $300." Plaintiff practically concedes that he never had any title to the land upon which his building was erected, and that he knew defendant had a deed to the property from the city, but he claims that nevertheless he is entitled to recover because of some alleged malicious acts upon the part of the defendant in so arranging its tracks and cars as to prevent access to his property. The only proof of the alleged malice, aside from the facts which we have above recited, was the following extracted from the record: " You allege in your petition that the defendant maliciously committed this injury. Is that statement true ? " Answer: " It is." This was over defendant's objection that it called for the conclusion of the witness. The answer was taken subject to the objection. Plaintiff knew when he erected his building that it was in the street, and that he had no title to the ground. After defendant acquired the title, plaintiff was notified to remove his structure, but refused to do so, although defendant offered to bear all expenses thereof. Plaintiff was a mere squatter, and defendant committed no wrong in cutting off access to the property. This is the rule without question, unless de-

fendant was actuated by malice, and of this there is no competent proof. Moreover, there is no proper proof of any damages suffered by plaintiff. The testimony offered with reference thereto was clearly incompetent. The testimony fails to make out any legal cause of action against the defendant, and the trial court was right in directing the verdict.

The judgment must be, and it is *affirmed*.